UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

ESTATE OF ADAM TRAMMEL,

    Plaintiff,

v.                                                      Case No.:    18-CV-748

VILLAGE OF WEST MILWAUKEE POLICE CHIEF
DENNIS NASCI, OFFICER ANTHONY MUNOZ,
CORPORAL MICHAEL ROHLEDER, OFFICER
DANIELLE ENGEN, and
VILLAGE OF WEST MILWAUKEE,

    Defendants.

## ANSWER AND AFFIRMATIVE DEFENSES
## OF THE VILLAGE OF WEST MILWAUKEE POLICE CHIEF DENNIS NASCI, OFFICER ANTHONY MUNOZ, CORPORAL MICHAEL ROHLEDER, OFFICER DANIELLE ENGEN, and VILLAGE OF WEST MILWAUKEE

The defendants, Village of West Milwaukee Police Chief Dennis Nasci ("Nasci"), Officer. Anthony Munoz ("Munoz"), Corporal Michael Rohleder ("Rohleder"), Officer Danielle Engen ("Engen"), and the Village of West Milwaukee, ("VWM"), by their attorneys, Piper, Schmidt & Wirth, answer the complaint of the plaintiff and assert affirmative defenses by alleging and showing to the court as follows:

### ANSWER

1. Answering paragraph 1, assert that this paragraph sets forth a legal conclusion to which no response is necessary; to the extent that a response is necessary, deny that there occurred an actionable deprivation of rights as alleged, or otherwise.

2. Answering paragraph 2, deny information or knowledge sufficient form a belief

as to the truth of the allegations.

3. Answering paragraph 3, admit upon information and belief.

4. Answering paragraph 4, admit the identifying allegations; as to those allegations that purport to identify suffering and the issuance of Letters of Special Administration, deny information or knowledge sufficient to form a belief as to the truth of same; as to those allegations that assert unlawful or unjust conduct on the part of these responding defendants, deny.

5. Answering paragraph 5, admit that Nasci is the Police Chief of the Village of West Milwaukee Police Department; admit only that Nasci has ultimate supervisory and management capacity with respect to the Village Police Department; admit that Nasci has policymaking authority within and for the Police Department; deny information or knowledge sufficient to form a belief as to the truth of the allegation containing the phrase "all actions at issue in this case;" admit only that one of Nasci's responsibilities is to ensure Police Department policies and practices comply with applicable law; admit that in his capacity as Chief of Police, Nasci was acting under color of law and within the scope of his employment with the VWM; as to all remaining allegations, deny same.

6. Answering paragraph 6, admit that Munoz is an adult citizen of the State of Wisconsin; admit that at times relevant hereto Munoz was acting under color of law and within the scope of his employment as a VWM police officer.

7. Answering paragraph 7, admit that Rohleder is an adult citizen of the State of Wisconsin; admit that at times relevant hereto Rohleder was acting under color of law and within the scope of his employment as a VWM police officer.

8. Answering paragraph 8, admit that Engen is an adult citizen of the State of Wisconsin; admit that at times relevant hereto Engen was acting under color of law and within the scope of her employment as a VWM police officer.

9. Answering paragraph 9, admit the identifying allegations; admit that VWM operates and maintains a Police Department; admit that VWM has control and authority over its Police Department as well as the creation and implementation of the Department's policies and procedures; assert that the remaining allegations are conclusions of law to which no response is required; however, deny there is any liability or responsibility to the plaintiff on behalf of the defendants in this action that will require indemnification.

10. Answering paragraph 10, realleges and incorporates, as though more fully set forth herein, their responses to paragraphs 1 through 9, of the complaint.

11. Answering paragraph 11, deny that the allegations in this paragraph constitute a complete and accurate declaration of the training and responsibilities of officers within the VWM Police Department and, therefore, deny same.

12. Answering paragraph 12, deny that the allegations in this paragraph constitute a complete and accurate declaration of the training and responsibilities of officers within the VWM Police Department and, therefore, deny same.

13. Answering paragraph 13, admit that the VWM Police Department implemented a Use of Force Policy numbered 401; as to the subparagraphs within this allegation, admit that the "Conducted Energy Weapon" subparagraph contains a recitation of a clause within Policy 401; admit only that the "Taser" subparagraph contains a partial, and paraphrased, recitation of a clause within Policy 401; admit that the "Drive Stun" subparagraph contains a recitation of a

clause within Policy 401; admit only that the "Air Cartridge" subparagraph contains a partial, and paraphrased, recitation of a clause within Policy 401; assert that the "X26 Taser" subparagraph is a materially incomplete and therefore inaccurate recitation of Policy 401's discussion and instructions regarding the discretion to be employed by police officers in the use of the device and, therefore, deny; admit only that the "five second" subparagraph contains a partial recitation of a clause within Policy 401; deny the allegations in the subparagraph that purport to identify the conditions under which a "Taser **shall not**" be used.

14. Answering paragraph 14, deny that Axon Corporation, manufacturer of the Taser, can implement "requirements" that bind the VWM to definitive, exclusive or mandatory training, particular instruction and/or use of the device. To the extent this paragraph and its subparagraphs purport to identify all recommendations, suggestions, or what Axon Corporation considers "best practices," deny information or knowledge sufficient form a belief as to the truth of the allegations.

15. Answering paragraph 15, admit that, on the date alleged, the VWM Police Department received a call to action via a 911 telephone call placed through the Milwaukee County Sheriff's Department; deny that the caller referenced a "person in psychological distress;" admit that VWM officers were directed to the address identified.

16. Answering paragraph 16, admit that the three identified defendants, who at the time constituted all officers on staff, responded to the call; admit that, upon arriving at the scene, the officers were told that the person about whom the distress call was generated had reentered his apartment.

17. Answering paragraph 17, assert that the allegations in this paragraph constitute a

4

materially inaccurate and incomplete recitation of events that occurred on the date and at the place identified and, accordingly, deny same; admit only that after a prolonged effort to summon Adam Trammell to his door, which effort went unanswered, and fearing for the health, safety and welfare of Mr. Trammell, Officers Munoz and Rohleder forced entry into Mr. Trammell's apartment; admit that Officer Engen remained outside the apartment's bathroom.

18. Answering paragraph 18, admit, generally, the allegations, but assert that the "water" that Mr. Trammell was drinking was hot shower water from a container that he was holding.

19. Answering paragraph 19, deny.

20. Answering paragraph 20, deny.

21. Answering paragraph 21, deny.

22. Answering paragraph 22, deny.

23. Answering paragraph 23, deny.

24. Answering paragraph 24, admit that VWM officers were only able to place handcuffs on Mr. Trammell with his hands in front of his body, and were thereby unable to accomplish compliance from Mr. Trammell or to render him incapable of combat or custody resistance; as to all remaining allegations, deny.

25. Answering paragraph 25, deny.

26. Answering paragraph 26, deny.

27. Answering paragraph 27, deny.

28. Answering paragraph 28, as to the allegation that Mr. Trammell was "tased at least once" while officers were outside his apartment deny information or knowledge sufficient

5

to form a belief as to the truth of the allegations; as to all remaining allegations in this paragraph, deny.

29. Answering paragraph 29, admit that Mr. Trammell shouted many things "throughout the episode;" as to the number of times he said "Jesus," deny information or knowledge sufficient to form a belief as to the truth of the allegation.

30. Answering paragraph 30, assert that the allegations in this paragraph are a materially incomplete and inaccurate recitation of the events that occurred in the presence of the defendants and, therefore, deny same; as to the allegations that purport to identify events that occurred outside the presence of the defendants, deny information or knowledge sufficient to form a belief as to the truth of the allegations.

31. Answering paragraph 31, deny information or knowledge sufficient to form a belief as the truth of the allegations.

32. Answering paragraph 32, assert that the allegations in this paragraph are a materially incomplete and inaccurate recitation of the events that occurred in the referenced timeframe and, therefore, deny same; specifically deny "unlawful conduct" on the part of the defendants as alleged, or otherwise.

33. Answering paragraph 33, deny.

34. Answering paragraph 34, reallege and incorporate, as though more fully set forth herein, the responses to paragraphs 1 through 33 of the complaint.

35. Answering paragraph 35, deny.

36. Answering paragraph 36, deny.

37. Answering paragraph 37, deny.

38. Answering paragraph 38, deny.

39. Answering paragraph 39, admit, generally, the allegations.

40. Answering paragraph 40, deny.

41. Answering paragraph 41, deny.

42. Answering paragraph 42, reallege and incorporate, as though more fully set forth herein, the responses to paragraphs 1 through 41 of the complaint.

43. Answering paragraph 43, deny.

44. Answering paragraph 44, deny.

45. Answering paragraph 45, deny.

46. Answering paragraph 46, deny.

47. Answering paragraph 47, admit, generally, the allegations.

48. Answering paragraph 48, deny.

49. Answering paragraph 49, deny.

50. Answering paragraph 50, reallege and incorporate, as though more fully set forth herein, the responses to paragraphs 1 through 49 of the complaint.

51. Answering paragraph 51, deny.

52. Answering paragraph 52, deny.

53. Answering paragraph 53, deny.

54. Answering paragraph 54, deny.

55. Answering paragraph 55, deny.

56. Answering paragraph 56, reallege and incorporate, as though more fully set forth herein, the responses to paragraphs 1 through 55 of the complaint.

57. Answering paragraph 57, deny.

58. Answering paragraph 58, deny.

59. Answering paragraph 59, deny.

60. Answering paragraph 60, deny.

61. Answering paragraph 61, deny.

## **AFFIRMATIVE DEFENSES**

1. The plaintiff's complaint fails to state a claim upon which relief may be granted against these responding defendants.

2. The plaintiff's "Monell" claim, as pled, is legally insufficient and the claim must be dismissed as a matter of law.

3. The actions of the responding individual defendants were objectively reasonable and they are entitled to immunity and/or qualified immunity from claims, as well as limitations on actions and damages, as provided by Wisconsin Statutes, by federal regulations, and by operation of common law.

4. The ordinances, policies, practices and procedures of the Village of West Milwaukee were and are constitutionally compliant exercises of the police powers afforded to the Village of West Milwaukee, and which authorize municipalities to protect the health, safety and welfare of their citizens.

5. The plaintiff's claimed injuries and damages, if any, were caused, in whole or in part, by decedent's own conduct or failure of conduct at times material hereto.

6. The plaintiff may have failed to mitigate its damages as is required by law.

7. The conduct attributed to these responding defendants did not constitute any

8

violation of a cognizable constitutional right and this action must be summarily dismissed.

8. The defendants are not liable under 42 USC §1983 because their actions were constitutional under the circumstances or exigent circumstances, and did not compromise or deprive the plaintiff of any rights.

9. The defendants acted at all times reasonably and with a good faith belief that their actions were lawful and were not in violation of any federal or state constitutional right.

10. The actions of the defendants were justified, objectively reasonable, necessary, carried out in good faith and with sufficient legal cause, and the defendants conducted themselves in conformity with settled principles of constitutional, regulatory, statutory, and common law.

11. The defendants acted within the discretionary scope of their authority as public officials in response to the circumstances and/or exigent circumstances.

12. The defendants acted in the public interest and in the furtherance of protecting public safety and good order, all in accordance with existing laws, policies and practices.

13. The "force" used as to decedent was reasonable under the circumstances and/or exigent circumstances then prevailing.

14. The defendants did not intentionally or unjustifiably harm the decedent, nor was their conduct extreme or outrageous under the circumstances and/or exigent circumstances.

15. At no time were defendants motivated by evil intent, malice or deliberate indifference, nor did they exercise reckless or callous indifference, toward the decedent or any of the decedent's rights.

16. Punitive damages are not available against municipalities.

17. To the extent the plaintiff has pled, or meant to plead, state law claims, those claims are subject to the requirements of statutory notice and conditions precedent to suit with which the plaintiff has failed to comply.

18. These responding defendants reserve their right to amend this answer and affirmative defenses should additional information warrant it.

WHEREFORE, the defendants, Village of West Milwaukee Police Chief Dennis Nasci, Officer Anthony Munoz, Corporal Michael Rohleder, Officer Danielle Engen, and the Village of West Milwaukee, demand judgment dismissing the complaint of the plaintiff upon its merits, with prejudice and with an award of all allowable costs, fees and disbursements incurred in the defense against this matter.

THE DEFENDANTS DEMAND A JURY TRIAL

Dated this 1st day of June, 2018.

                        PIPER, SCHMIDT & WIRTH
                        Attorneys for Village of West Milwaukee

                     BY: *Electronically submitted by Joseph M. Wirth*
                        JOSEPH M. WIRTH
                        State Bar No.: 1012080

Fourth Floor – The Jackson Building
732 North Jackson Street
Milwaukee, WI 53202-4620
414-225-4060
jmw@piperschmidt.com